**BIN BIN YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2009.

Filed Dec. 1, 2009.

Caroline Cincotta, Esquire, ACLU Immigrants' Rights Project, Jennifer C. Newell, Cecillia D. Wang, American Civil Liberties Union Foundation, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BRIGHT,* BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM **

Bin Bin Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's decision to deny his application for asylum, withholding of re-

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

moval, and protection under the Convention Against Torture ("CAT") on the basis of adverse credibility determinations. We have jurisdiction under 8 U.S.C. § 1252. After reviewing the factual findings for substantial evidence, *see Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006), we deny the petition for review.

The record does not compel reversal of the adverse credibility determinations because Yang testified inconsistently regarding his claim that family planning authorities attempted to force his fiancée to undergo an abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that under the REAL ID Act, an immigration judge may base a credibility determination on the consistency of the applicant's statements, regardless of whether it goes to the heart of the applicant's claim); *Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir. 2005) (inconsistencies deprive an applicant's testimony of the requisite "ring of truth"). The record also establishes that Yang did not provide a credible explanation for why he failed to provide documentary evidence in support of his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1091 n. 3 (9th Cir.2000) (holding that an immigration judge could determine that an applicant's explanation for a lack of corroboration was not credible).

In the absence of credible testimony, Yang failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Furthermore, because Yang's CAT claim relies on the same evidence the immigration judge found not credible, and he does not point to additional evidence to show it is more likely than not that he

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

would be tortured if he returned to China, his CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provid-